1
2
3
4
5
6
7
8
9

10  KALLIELDRA BONTON and WAYNE
11  JOSEPH, SR., Individually and as
    Successors-in-Interest to Ryan Joseph,
12  Deceased,

13                 Plaintiffs,

14        vs.

15  CITY OF LOS ANGELES, CITY OF LOS
16  ANGELES POLICE DEPARTMENT,
    CHIEF CHARLIE BECK, ROBERTO
17  RUIZ and DOES 1-10, Inclusive.

18                 Defendants.
19
20

**CASE NO. CV17-06984 SVW (Ex)**
*Hon. Judge Stephen V. Wilson – Ctrm. 10A, 10th Fl.*
*Hon. Mag. Charles F. Eick, Ctrm 750, 7th Fl.*


**[~~PROPOSED~~] PROTECTIVE
ORDER RE: DISCLOSURE OF
CONFIDENTIAL INFORMATION**

21              <u>**ORDER ON STIPULATION**</u>

22        The Court, finding good cause, Orders as follows:

23  **1.    A.    <u>PURPOSES AND LIMITATIONS</u>**

24        Discovery in this action is likely to involve production of confidential, proprietary

25  or private information for which special protection from public disclosure and from use

26  for any purpose other than prosecuting this litigation may be warranted.  Accordingly,

27  the parties hereby stipulate to and petition the Court to enter the following Stipulated

28  Protective Order.  The parties acknowledge that this Order does not confer blanket

1

1   protections on all disclosures or responses to discovery and that the protection it affords
2   from public disclosure and use extends only to the limited information or items that are
3   entitled to confidential treatment under the applicable legal principles.
4
5   **B.    GOOD CAUSE STATEMENT**
6        This action involves the City of Los Angeles and members of the Los Angeles
7   Police Department.  Plaintiff is seeking materials and information that Defendants the
8   City of Los Angeles et al. ("City") maintains as confidential, such as personnel files of
9   the police officers involved in this incident, Internal Affairs materials and information,
10  video recordings, audio recordings, Force Investigation Division materials and
11  information and other administrative materials and information currently in the
12  possession of the City and which the City believes need special protection from public
13  disclosure and from use for any purpose other than prosecuting this litigation.  Plaintiff
14  is also seeking official information contained in the personnel files of the police officers
15  involved in the subject incident, which the City maintains as strictly confidential and
16  which the City believes need special protection from public disclosure and from use for
17  any purpose other than prosecuting this litigation.
18       The City asserts that the confidentiality of the materials and information sought
19  by Plaintiff is recognized by California and federal law, as evidenced inter alia by
20  California *Penal Code* section 832.7 and *Kerr v. United States Dist. Ct. for N.D. Cal.*,
21  511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976).  The City has not publicly
22  released the materials and information referenced above except under protective order
23  or pursuant to a court order, if at all.  These materials and information are of the type
24  that has been used to initiate disciplinary action against Los Angeles Police Department
25  ("LAPD") officers, and has been used as evidence in disciplinary proceedings, where
26  the officers' conduct was considered to be contrary to LAPD policy.
27       The City contends that absent a protective order delineating the responsibilities of
28  nondisclosure on the part of the parties hereto, there is a specific risk of unnecessary and

2

1 | undue disclosure by one or more of the many attorneys, secretaries, law clerks,
2 | paralegals and expert witnesses involved in this case, as well as the corollary risk of
3 | embarrassment, harassment and professional and legal harm on the part of the LAPD
4 | officers referenced in the materials and information.

5 |      The City also contends that the unfettered disclosure of the materials and
6 | information, absent a protective order, would allow the media to share this information
7 | with potential jurors in the area, impacting the rights of the City herein to receive a fair
8 | trial.

9 |      Accordingly, to expedite the flow of information, to facilitate the prompt
10 | resolution of disputes over confidentiality of discovery materials, to adequately protect
11 | information the parties are entitled to keep confidential, to ensure that the parties are
12 | permitted reasonable necessary uses of such material in preparation for and in the
13 | conduct of trial, to address their handling at the end of the litigation, and serve the ends
14 | of justice, a protective order for such information is justified in this matter.  It is the
15 | intent of the parties that information will not be designated as confidential for tactical
16 | reasons and that nothing be so designated without a good faith belief that it has been
17 | maintained in a confidential, non-public manner, and there is good cause why it should
18 | not be part of the public record of this case.

19 |
20 | **C.**    **ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER**
21 |      **SEAL**

22 |      The parties agree that any pleadings, motions, briefs, declarations, stipulations,
23 | exhibits or other written submissions to the Court in this litigation which contain or
24 | incorporate Confidential Material shall be lodged with an application and/or joint
25 | stipulation to file the papers or the portion thereof containing the Confidential Material,
26 | under seal.

27 |      The parties agree that they will meet and confer regarding the necessity of seeking
28 | an order from the Court filing under seal any pleadings, motions, briefs, declarations,

1 stipulations, exhibits or other documents and/or materials at least five (5) days prior to
2 filing any application and/or joint stipulation to file under seal.

3     The parties further acknowledge, as set forth in Section 12.3, below, that this
4 Stipulated Protective Order does not automatically entitle them to file confidential
5 information under seal and that Local Civil Rule 79-5 sets forth the procedures that must
6 be followed and the standards that will be applied when a party seeks permission from
7 the Court to file material under seal.

8

9 **2.**    **DEFINITIONS**

10     **2.1**    **Action**: *Kallieldra Bonton, et al. v. City of Los Angeles, et al.* CV17-06984
11 SVW (Ex).

12     **2.2**    **Challenging Party**: a Party or Non-Party that challenges the designation
13 of information or items under this Order.

14     **2.3**    **"CONFIDENTIAL" Information or Items**: information (regardless of
15 how it is generated, stored or maintained) or tangible things that qualify for protection
16 under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause
17 Statement. This also includes (1) any information copied or extracted from the
18 Confidential information; (2) all copies, excerpts, summaries, abstracts or compilations
19 of Confidential information; and (3) any testimony, conversations, or presentations that
20 might reveal Confidential information.

21     **2.4**    **Counsel**: Counsel of record for the parties to this civil litigation and their
22 support staff.

23     **2.5**    **Designating Party**: a Party or Non-Party that designates information or
24 items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

25     **2.6**    **Disclosure or Discovery Material**: all items or information, regardless of
26 the medium or manner in which it is generated, stored, or maintained (including, among
27 other things, testimony, transcripts, and tangible things), that are produced or generated
28 in disclosures or responses to discovery in this matter

4

1      **2.7**   **Expert**: a person with specialized knowledge or experience in a matter
2 pertinent to the litigation who has been retained by a Party or its counsel to serve as an
3 expert witness or as a consultant in this Action.

4      **2.8**   **Final Disposition:** when this Action has been fully and completely
5 terminated by way of settlement, dismissal, trial and/or appeal.

6      **2.9**   **House Counsel**: attorneys other than Counsel (as defined in paragraph 2.4)
7 and who are employees of a party to this Action.

8      **2.10**  **Non-Party**: any natural person, partnership, corporation, association or
9 other legal entity not named as a Party to this action.

10     **2.11**  **Outside Counsel of Record**: attorneys who are not employees of a party
11 to this Action but are retained to represent or advise a party to this Action and have
12 appeared in this Action on behalf of that party or are affiliated with a law firm that has
13 appeared on behalf of that party, and includes support staff.

14     **2.12**  **Party**: any party to this Action, including all of its officers, directors,
15 boards, departments, divisions, employees, consultants, retained experts, and Outside
16 Counsel of Record (and their support staffs).

17     **2.13**  **Producing Party**: a Party or Non-Party that produces Disclosure or
18 Discovery Material in this Action.

19     **2.14**  **Professional Vendors**: persons or entities that provide litigation support
20 services (e.g., photocopying, videotaping, translating, preparing exhibits or
21 demonstrations, and organizing, storing, or retrieving data in any form or medium) and
22 their employees and subcontractors.

23     **2.15**  **Protected Material**: any Disclosure or Discovery Material that is
24 designated as "CONFIDENTIAL."

25     **2.16**  **Receiving Party**: a Party that receives Disclosure or Discovery Material
26 from a Producing Party.

27 **3.**   **SCOPE**

28

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, abstracts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4.   **DURATION**

Once a trial commences in this Action, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order and that is introduced or admitted as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial as to the CONFIDENTIAL information and materials introduced or admitted as an exhibit at trial.

## 5.   **DESIGNATING PROTECTED MATERIAL**

### 5.1   **Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for

1 which protection is not warranted are not swept unjustifiably within the ambit of this

2 Order.

3    Mass, indiscriminate or routinized designations are prohibited.  Designations that

4 are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

5 to unnecessarily encumber the case development process or to impose unnecessary

6 expenses and burdens on other parties) may expose the Designating Party to sanctions.

7    If it comes to a Designating Party's attention that information or items that it

8 designated for protection do not qualify for protection, that Designating Party must

9 promptly notify all other Parties that it is withdrawing the inapplicable designation.

10

11    **5.2    <u>Manner and Timing of Designations</u>**.  Except as otherwise provided in

12 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

13 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

14 under this Order must be clearly so designated before the material is disclosed or

15 produced.

16    Designation in conformity with this Order requires:

17    (a) for information in documentary form (e.g., paper or electronic documents, but

18 excluding transcripts of depositions or other pretrial or trial proceedings), that the

19 Producing Party affix at a minimum, the legend "CONFIDENTIAL" or words of a

20 similar effect, and that includes the case name and case number (hereinafter

21 "CONFIDENTIAL legend"), to each page that contains protected material.  If only a

22 portion of the material on a page qualifies for protection, the Producing Party also must

23 clearly identify the protected portion(s) (e.g., by making appropriate markings in the

24 margins).

25    A Party or Non-Party that makes original documents available for inspection need

26 not designate them for protection until after the inspecting Party has indicated which

27 documents it would like copied and produced.  During the inspection and before the

28 designation, all of the material made available for inspection shall be deemed

1   "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants
2   copied and produced, the Producing Party must determine which documents, or portions
3   thereof, qualify for protection under this Order.  Then, before producing the specified
4   documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page
5   that contains Protected Material.  If only a portion of the material on a page qualifies for
6   protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,
7   by making appropriate markings in the margins).

8      (b)  for testimony given in depositions that the Designating Party identifies the
9   Disclosure or Discovery Material on the record, before the close of the deposition all
10   protected testimony.

11      (c)  for information produced in some form other than documentary and for any
12   other tangible items, that the Producing Party affix in a prominent place on the exterior
13   of the container or containers in which the information is stored the legend
14   "CONFIDENTIAL."   If only a portion or portions of the information warrants
15   protection, the Producing Party, to the extent practicable, shall identify the protected
16   portion(s).

17   **5.3**   **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent
18   failure to designate qualified information or items does not, standing alone, waive the
19   Designating Party's right to secure protection under this Order for such material.  Upon
20   timely correction of a designation, the Receiving Party must make reasonable efforts to
21   assure that the material is treated in accordance with the provisions of this Order.

22

23   **6.**   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

24      **6.1**   **Timing of Challenges**.   Any Party or Non-Party may challenge a
25   designation of confidentiality at any time that is consistent with the Court's Scheduling
26   Order.

27      **6.2**   **Meet and Confer**.   The Challenging Party shall initiate the dispute
28   resolution process under Local Rule 37.1 et seq.

8

**6.3** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1    Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2    Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9

1  (c) the court and its personnel;

2  (e) court reporters and their staff;

3  (e) professional jury or trial consultants, mock jurors, and Professional Vendors

4  to whom disclosure is reasonably necessary for this Action and who have signed the

5  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6  (f) the author or recipient of a document containing the information or a custodian

7  or other person who otherwise possessed or knew the information;

8  (g) during their depositions, witnesses, and attorneys for witnesses, in the Action

9  to whom disclosure is reasonably necessary provided: (1) the deposing party requests

10  that the witness sign the form attached as Exhibit A hereto; and (2) they will not be

11  permitted to keep any confidential information unless they sign the "Acknowledgment

12  and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

13  Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to

14  depositions that reveal Protected Material may be separately bound by the court reporter

15  and may not be disclosed to anyone except as permitted under this Stipulated Protective

16  Order; and

17  (h) any mediator or settlement officer, and their supporting personnel, mutually

18  agreed upon by any of the parties engaged in settlement discussions and who have signed

19  the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

20  **7.3.**   Counsel making the disclosure to any qualified person described herein

21  shall retain the original executed copy of the Nondisclosure Agreement until sixty (60)

22  days after this litigation has become final, including any appellate review, and

23  monitoring of an injunction.  Counsel for the Receiving Party shall maintain all signed

24  Nondisclosure Agreements and shall produce the original signature page upon

25  reasonable written notice from opposing counsel. If an issue arises regarding a purported

26  unauthorized disclosure of Confidential Information, upon noticed motion of contempt

27  filed by the Designating Party, counsel for the Receiving Party may be required to file

28

10

the signed Nondisclosure Agreements, as well as a list of the disclosed materials, in camera with the Court having jurisdiction of the Stipulation.

8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL", unless the Party has obtained the Designating Party's permission or an order from the court from which the subpoena or order issued.   Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced

11

1    by Non-Parties in connection with this litigation is protected by the remedies and relief
2    provided by this Order.  Nothing in these provisions should be construed as prohibiting
3    a Non-Party from seeking additional protections.
4         (b)  In the event that a Party is required, by a valid discovery request, to produce
5    a Non-Party's confidential information in its possession, and the Party is subject to an
6    agreement with the Non-Party not to produce the Non-Party's confidential information,
7    then the Party shall:
8         (1)  promptly notify in writing the Requesting Party and the Non-Party that
9         some or all of the information requested is subject to a confidentiality agreement
10        with a Non-Party;
11        (2)  promptly provide the Non-Party with a copy of the Stipulated
12        Protective Order in this Action, the relevant discovery request(s), and a reasonably
13        specific description of the information requested; and
14        (3)  make the information requested available for inspection by the Non-
15        Party, if requested.
16        (c)  If the Non-Party fails to seek a protective order from this court within 14 days
17    of receiving the notice and accompanying information, the Receiving Party may produce
18    the Non-Party's confidential information responsive to the discovery request.  If the
19    Non-Party timely seeks a protective order, the Receiving Party shall not produce any
20    information in its possession or control that is subject to the confidentiality agreement
21    with the Non-Party before a determination by the court.  Absent a court order to the
22    contrary, the Non-Party shall bear the burden and expense of seeking protection in this
23    court of its Protected Material.
24
25    **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**
26        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
27    Protected Material to any person or in any circumstance not authorized under this
28    Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

12

1   the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve
2   all unauthorized copies of the Protected Material, (c) inform the person or persons to
3   whom unauthorized disclosures were made of all the terms of this Order, and (d) request
4   such person or persons to execute the "Acknowledgment and Agreement to Be Bound"
5   that is attached hereto as Exhibit A.

7   **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
8   **PROTECTED MATERIAL**

9        When a Producing Party gives notice to Receiving Parties that certain
10  inadvertently produced material is subject to a claim of privilege or other protection, the
11  obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure
12  26(b)(5)(B).   This provision is not intended to modify whatever procedure may be
13  established in an e-discovery order that provides for production without prior privilege
14  review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach
15  an agreement on the effect of disclosure of a communication or information covered by
16  the attorney-client privilege or work product protection, the parties may incorporate their
17  agreement in the stipulated protective order submitted to the court.

19  **12.    MISCELLANEOUS**

20       **12.1   Right to Further Relief.**  Nothing in this Order abridges the right of any
21  person to seek its modification by the Court in the future.

22       **12.2   Right to Assert Other Objections.**  By stipulating to the entry of this
23  Protective Order, no Party waives any right it otherwise would have to object to
24  disclosing or producing any information or item on any ground not addressed in this
25  Stipulated Protective Order.   Similarly, no Party waives any right to object on any
26  ground to use in evidence of any of the material covered by this Protective Order.

27       **12.3   Filing Protected Material.**  A Party that seeks to file under seal any
28  Protected Material must comply with Local Civil Rule 79-5.  Protected Material may

13

1  only be filed under seal pursuant to a court order authorizing the sealing of the specific

2  Protected Material at issue. If a Party's request to file Protected Material under seal is

3  denied by the court, then the Receiving Party may file the information in the public

4  record unless otherwise instructed by the court.

5

6  **13.  FINAL DISPOSITION**

7  After the FINAL DISPOSITION of this Action, as defined in paragraph 2.8,

8  within 30 days of a written request by the Designating Party, each Receiving Party must

9  return all Protected Material to the Producing Party. As used in this subdivision, "all

10 Protected Material" includes all copies, abstracts, compilations, summaries, and any

11 other format reproducing or capturing any of the Protected Material. The Receiving

12 Party must submit a written certification to the Producing Party (and, if not the same

13 person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by

14 category, where appropriate) all the Protected Material that was returned and (2) affirms

15 that the Receiving Party has not retained any copies, abstracts, compilations, summaries,

16 or any other format reproducing or capturing any of the Protected Material.

17

18 **14.  VIOLATION**

19 Any violation of this Order may be punished by appropriate measures including,

20 without limitation, contempt proceedings and/or monetary sanctions.

21

22 *IT IS SO STIPULATED:*

23

24 Dated: April 10, 2018          **LAW OFFICES OF DALE K. GALIPO**

25                                By: _____*/s/ Hang D. Le*_____

26                                     **DALE K. GALIPO,** Esq.

27                                     **HANG D. LE,** Esq.
                                     Attorneys for Plaintiffs, **KALLIELDRA BONTON**
28                                     and **WAYNE JOSEPH, SR.**

14

1

Dated: April 10, 2018          **LAW OFFICE OF STEVEN WOLFSON**

2

3                              By: _____ /s/ Steven Wolfson _____
                                  **STEVEN WOLFSON,** Esq.
4                              Attorneys for Plaintiffs, **KALLIELDRA BONTON**
5                              and **WAYNE JOSEPH, SR.**

6

Dated: April 10, 2018          **LAW OFFICE OF WAYNE MCCLEAN**

7

8                              By:_____ /s/ Roy W. McClean _____
                                  **ROY W. MCCLEAN,** Esq.
9                                 **VANESSA P. NATIVIDAD,** Esq.
10                             Attorneys for Plaintiffs, **KALLIELDRA BONTON**
                               and **WAYNE JOSEPH, SR.**
11

12   Dated: April 10, 2018      **MICHAEL N. FEUER,** City Attorney
13                              **THOMAS H. PETERS,** Chief Assistant City Attorney
                               **CORY M. BRENTE,** Assistant City Attorney
14
                               By: _____ /s/ Colleen R. Smith _____
15                                 **COLLEEN R. SMITH,** Deputy City Attorney
16                             Attorneys for Defendants, **CITY OF LOS ANGELES**
                               and **CHIEF CHARLIE BECK**
17

18   Dated: April 10, 2018      **ORBACH HUFF SUAREZ and HENDERSON LLP**
                               By: _____ /s/ Kevin E. Gilbert _____
19                                 **KEVIN E. GILBRT,** Esq.
20                             Attorneys for Defendant, **ROBERTO RUIZ**

21

22   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

23   Dated: _4/10_ , 2018      By: _____

24                                 **HONORABLE CHARLES F. EICK**

25                                 **UNITED STATES MAGISTRATE JUDGE**

26

27

28

15

## ATTACHMENT "A"
## NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Kallieldra Bonton, et al. v. City of Los Angeles, et al.,* United States District Court for the Central District of California, Central Division, Case No. CV17-06984 SVW (Ex), and hereby agree to comply with and be bound by the terms and conditions of said Order. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

Dated: _____   Signed: _____